```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
ERIN S. MINSON
                                :
    v.                          :   Civil Action No. DKC 12-2233
                                :
CITIMORTGAGE, INC.
                                :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erin S. Minson, proceeding *pro se*, commenced this action on June 25, 2012, by filing a complaint against Defendant CitiMortgage, Inc., in the Circuit Court for Charles County, Maryland.  The complaint, which is inartfully drafted, appears to relate to Defendant's alleged failure to respond, or the insufficiency of its response, to documents entitled "Qualified Written Request/Validation of Debt" and "Request for First and Second Admissions" transmitted by Plaintiff in April 2012.  (ECF No. 4 ¶ 6).  As a result, according to Plaintiff, Defendant has no "legal authority to proceed with collection activities" against her.  (*Id*. at ¶ 10).  Plaintiff contends that, "[p]ursuant to fact, Statute, the Constitution for the United States, the Constitution for Maryland, the Uniform Commercial Code . . . , the Fair Debt Collection[] Practices Act ["FDCPA"] . . . , the alleged loan agreement[], and all applicable law, Defendant is now in default and without claim."  (*Id*. at ¶ 12).

As relief, she seeks an order enjoining "the attempted collection [and/or] foreclosure of [her] property." (*Id*. at 3). Plaintiff attached to her complaint, *inter alia*, a copy of her "Qualified Written Request/Validation of Debt," dated April 24, 2012, which cites specific provisions of the Real Estate Settlement Procedures Act ("RESPA") and the FDCPA.[1]

Defendant timely removed to this court on the basis of federal question jurisdiction, citing Plaintiff's invocation of FDCPA, RESPA, and the United States Constitution. (ECF No. 1). On August 10, Defendant filed the pending motion for more definite statement, asserting that, "because of the vagueness of Plaintiff's pleadings, [it] is unable to decipher sufficient information from the [c]omplaint to comprehend what Plaintiff is claiming." (ECF No. 9-1, at 2). Nevertheless, Defendant was apparently able to glean that the complaint related to Plaintiff's "Qualified Written Request/Validation of Debt," and attached the document that it allegedly transmitted to Plaintiff in response on or about May 4, 2012. (ECF No. 9-2). Defendant was also able to determine that Plaintiff seeks purely injunctive relief, which it argues "is unavailable in RESPA

---

[1] She additionally attached a document entitled "Plaintiff Request for First and Second Admissions," which was dated May 15, 2012, well before she commenced the instant action. (ECF No. 4-2). The substance of this document, however, challenges the sufficiency of Defendant's initial response to the prior "Qualified Written Request/Validation of Debt."

2

private actions." (ECF No. 9-1, at 5 (quoting *Mullinax v. Radian Guaranty, Inc.*, 199 F.Supp.2d 311, 335 (M.D.N.C. 2002)). Plaintiff has not responded to Defendant's motion.

Pursuant to Fed.R.Civ.P. 8(a)(2), "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

As the United States District Court for the Eastern District of Virginia explained in *Frederick v. Koziol*, 727 F.Supp. 1019, 1020-21 (E.D.Va. 1990):

> Such a motion is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied. [*Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981)]; *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D.Pa. 1987). The motion for more definite statement is "designed to strike at unintelligibility rather than simple want of detail," and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading. *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis. 1985); *see Wilson v. United States*, 585 F.Supp. 202, 205 (M.D.Pa. 1984); *In re Arthur Treacher's*

3

*Franchisee Litigation*, 92 F.R.D. 398, 406 (E.D.Pa. 1981).

*See also Khair v. Countrywide Home Loans, Inc.*, No. 1:10cv410 (JCC), 2010 WL 2486430, at *2 (E.D.Va. June 14, 2010) (citing *Frederick* for the same proposition).  The decision of whether to grant a motion for more definite statement is committed to the discretion of the district court.  *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

 While Plaintiff's complaint is far from a model of clarity, it is not "so vague and ambiguous" that Defendant cannot reasonably be expected to prepare a response.  Indeed, the factual allegations may only be construed as raising claims under the RESPA and FDCPA provisions identified in Plaintiff's "Qualified Written Request/Validation of Debt."  Under the RESPA, a servicer must investigate the matters addressed by a qualified written request from a borrower and respond, in writing, either by correcting any error in the request, explaining "the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer," or providing the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer.'"  12 U.S.C. § 2605(e)(2).  Pursuant to § 2605(f), "[w]hoever fails to comply with [this provision] shall be liable to the borrower for . . .

4

any actual damages to the borrower as a result of the failure . . . [and] any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance . . . in an amount not to exceed $1,000." Under the "validation of debts" provision of the FDCPA, a debt collector is required, within five days after initial communication with the consumer regarding collection of a debt, to send the consumer "a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]"  15 U.S.C. § 1692g(a)(3). Subsection (b) of the same rule provides that the debt collector, upon receipt of such notice from the consumer within the thirty-day window, must "cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b).

Notably, the arguments advanced or alluded to by Defendant in its motion for more definite statement – *e.g.*, that injunctive relief is not available under the RESPA, that service of process has not been effected – would appear to be appropriate in the context of a motion to dismiss. Because

Defendant failed to move for dismissal, however, the court may only deny its motion for more definite statement.

Accordingly, it is this 9th day of November, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for more definite statement filed by Defendant CitiMortgage, Inc. (ECF No. 9) BE, and the same hereby IS, DENIED;

2. Defendant is directed to file either a motion to dismiss or an answer to Plaintiff's complaint within fourteen (14) days; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendants and directly to Plaintiff.

                                                                              _____/s/_____
                                                                              DEBORAH K. CHASANOW
                                                                              United States District Judge